UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EARL JONES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>KELLY HARRINGTON, Warden,<br><br>　　　　Respondent. | 1:10-CV-00212 AWI GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

On February 10, 2010, Petitioner filed a petition for writ of habeas corpus in this Court.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to

1  42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
2  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
3  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

4  In this case, Petitioner claims he was wrongfully found guilty of a rules violation for
5  distributing narcotics. He claims that as a result of the guilty finding, he has been sanctioned with a
6  loss of visitation privileges. He requests that the guilty finding be overturned and his visitation
7  privileges be reinstated. Petitioner is challenging the conditions of his confinement, not the fact or
8  duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition
9  must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a
10 civil rights complaint pursuant to 42 U.S.C. § 1983.

**RECOMMENDATION**

12  Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
13 DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
14 corpus relief. The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send
15 Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

16 This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
17 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
18 the Local Rules of Practice for the United States District Court, Eastern District of California.
19 Within thirty (30) days after service of the Findings and Recommendation, any party may file written
20 objections with the court and serve a copy on all parties. Such a document should be captioned
21 "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall
22 be served and filed within fourteen (14) days after service of the objections. The Court will then
23 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised
24 that failure to file objections within the specified time may waive the right to appeal the District
25 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

27  IT IS SO ORDERED.
28  Dated:   March 4, 2010            /s/ Gary S. Austin

UNITED STATES MAGISTRATE JUDGE