1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JASON EARL JONES,                          )     1:10-CV-00212 AWI GSA HC
                                           )
                    Petitioner,            )
                                           )     ORDER TO SHOW CAUSE
        v.                                 )
                                           )
                                           )
KELLY HARRINGTON, Warden,                  )
                                           )
                    Respondent.            )
_____    )

     Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

     On February 10, 2010, Petitioner filed a petition challenging a disciplinary proceeding in which he was found guilty of distributing narcotics. The Court conducted a preliminary review of the petition. On March 4, 2010, the Court issued a Findings and Recommendation in which it was determined that Petitioner had failed to present cognizable federal claims. In particular, Petitioner claimed only that he had sustained a loss of visiting privileges as a result of the guilty finding. The Court stated that such a challenge did not pertain to the fact or duration of Petitioner's confinement, but to the conditions of his confinement. Therefore, the Court found the claims should be brought by way of a civil rights complaint.

     On June 11, 2010, Petitioner filed objections to the Findings and Recommendation. He claims the undersigned committed a factual error because the petition challenged an administrative

1     action that resulted in a loss of time credits. He asserts such a claim is cognizable in a habeas action.

2     While Petitioner is correct that such a claim would be cognizable in a habeas action, he completely

3     failed to include such a claim in his petition, or inform the Court in any manner that a loss of time

4     credits occurred in addition to his loss of visiting privileges. The entire petition concerns his loss of

5     visiting privileges, which as discussed in the Findings and Recommendation, is not cognizable. To

6     now place the blame on the Court for failing to discern this additional consequence from the petition

7     when said consequence was not disclosed by pleading, or by attachment of the Rules Violation

8     Report itself, is disingenuous at best.

9        Claims concerning Petitioner's disciplinary proceeding may be cognizable if in fact he

10    forfeited time credits. However, the Court has no information regarding the alleged loss of credits.

11    For example, how many credits were lost? Were the credits for good time or for visiting privileges?

12    Petitioner has offered to submit a Rules Violation Report from another inmate to compare his

13    punishment. This then begs the question: Why hasn't he submitted his own Rules Violation Report

14    which would clearly outline the consequences of his disciplinary proceeding?

15        Accordingly, Petitioner is ORDERED TO SHOW CAUSE, within fifteen (15) days of

16    service of this order, why the petition should not be dismissed for failure to state a cognizable claim.

17    Petitioner is DIRECTED to submit a copy of his Rules Violation Report with his response. Failure to

18    comply with this order will result in dismissal of the action.

19

20        IT IS SO ORDERED.

21     **Dated:   July 12, 2010**        **/s/ Gary S. Austin**

22                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28