UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON EARL JONES, | ) | 1:10-CV-00212 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER VACATING FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | [Doc. #5] |
| | ) | |
| KELLY HARRINGTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 4, 2010, the undersigned issued a Findings and Recommendation that recommended the petition be DISMISSED for failure to allege grounds that would entitle Petitioner to habeas relief. The undersigned further recommended that the Clerk of Court be DIRECTED to send Petitioner forms for filing a civil rights action. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On June 11, 2010, Petitioner filed objections to the Findings and Recommendation. In his

objections, Petitioner claimed the Court committed a factual error because the petition challenged an administrative action that resulted in the loss of time credits.  However, the petition did not allege a loss of time credits.  The Court had recommended dismissal because Petitioner had only claimed a loss of visiting privileges.  In light of this new claim, the Court ordered Petitioner to show cause why the petition should not be dismissed for the reasons specified in the Findings and Recommendation.  The Court ordered Petitioner to provide details on the alleged loss of credits.

On August 19, 2010, Petitioner filed a response to the order to show cause.  He states he cannot comply with the order because he submitted his only copy of the Rules Violation Report in a prior case, to wit, Jones v. Cate, Case No. 1:09-CV-00563 LJO DLB HC.  The Court hereby takes judicial notice of the Rules Violation Report in said case.[1]  According to the Rules Violation Report, Petitioner did in fact suffer a loss of 180 days of behavioral/work credit.  Because his claims challenge the fact or duration of his confinement, they are cognizable on habeas review.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendation issued March 4, 2010, is VACATED.  An order directing Respondent to file a response will be issued contemporaneously with this Order.

IT IS SO ORDERED.

Dated:   **August 24, 2010**              /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).