# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EARL JONES, ) | 1:10-CV-00212 AWI GSA HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING RESPONDENT'S MOTION |
| v. ) | TO DISMISS |
| ) | |
| ) | [Doc. #20] |
| MATTHEW CATE, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison. He challenges a December 20, 2007, prison disciplinary decision in which he was found guilty of possessing a controlled substance for distribution. Petitioner administratively appealed the decision. His final administrative appeal was denied on September 4, 2008, at the Director's Level.

---

[1] This information is derived from the documents lodged by Respondent with his response.

1   On February 5, 2009[2], Petitioner filed a federal habeas petition in this Court. (See Jones v. Cate, Case No. 1:09-CV-00563-LJO-DLB-HC.)  On September 17, 2009, the petition was dismissed without prejudice for failure to exhaust state remedies.

   Petitioner then filed a habeas petition in the California Supreme Court on December 7, 2009. On January 13, 2010, the petition was denied with citation to In re Dexter, 25 Cal.3d 921 (1979).

   On February 10, 2010, Petitioner filed the instant federal petition for writ of habeas corpus in this Court.  On October 27, 2010, Respondent filed a motion to dismiss the petition for violation of the statute of limitations and for failure to state a cognizable claim for relief.  Petitioner did not file an opposition.

**DISCUSSION**

I.  Procedural Grounds for Motion to Dismiss

   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

   The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

   In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period and for failure to state cognizable claims.  Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

---

[2] Pursuant to the mailbox rule, the Court deems the petition filed on the date Petitioner signed it and presumably handed it to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988).

## II.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on February 10, 2010, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year limitations period on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In a case such as this where Petitioner challenges a decision by prison authorities, the limitations period commences on the date on which Petitioner could have discovered the factual predicate of his claims.  28 U.S.C. § 2244(d)(1)(D).  Here, the triggering date was September 4, 2008, the date on which the final administrative appeal was denied.  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir.2004).  Accordingly, the statute of limitations commenced the

following day on September 5, 2008, and expired one year later on September 4, 2009. Petitioner did not file the instant federal petition until February 10, 2010. Absent applicable tolling, the petition is untimely by over five months and barred by the statute of limitations.

### A. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). If the state court states the petition was untimely, "that [is] the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was "entangled" with the merits." Carey, 536 U.S. at 226; Pace, 544 U.S. at 414.

In this case, the statute of limitations commenced on September 5, 2008 and expired one year later on September 4, 2009. Petitioner did not file any state habeas petitions within that time. His first state petition was not filed until December 7, 2009, which was over three months after the limitations period had already expired. Consequently, Petitioner is not entitled to statutory tolling and his petition remains untimely. Petitioner also filed a federal habeas petition on February 5, 2009; however, the limitations period is not tolled during the pendency of a federal petition. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

### B. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). In this case, the Court finds no reason to grant equitable tolling. Therefore, the petition remains untimely and must be dismissed.

III.  Failure to Present a Cognizable Claim

Respondent also alleges that Petitioner fails to state a cognizable claim with respect to his allegation that his disciplinary proceeding resulted in a denial of visitation privileges with his family and friends. Respondent's arguments are persuasive.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner claims he is being denied contact visitation with his family and friends. Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief on this claim and it must be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE. The Court further RECOMMENDS that the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 12, 2010            /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE